UNITED STATES CIRCUIT COURT
FOR THE SECOND CIRCUIT
-------------------------------------------------------X

UNITED STATES OF AMERICA,

          Appellee,

- against -

TRACII SHOW HUTSONA,

          Defendant-Appellant.
-------------------------------------------------------X

23-6206

AFFIRMATION IN SUPPORT
OF MOTION TO WITHDRAW
AND FOR NEW COUNSEL
TO BE APPOINTED

MICHAEL K. BACHRACH, ESQ., affirms the following under penalty of perjury:

1.    I represent Defendant-Appellant Tracii Show Hutsona in the above-captioned matter pursuant to the Criminal Justice Act, 18 U.S.C.§ 3006A. I submit this Affirmation in support of the instant application to withdraw as counsel for Ms. Hutsona on this appeal and for new counsel to be appointed due to a time-sensitive scheduling conflict that has just arisen.

2.    The instant appeal is of sentence, after a guilty plea, of Defendant-Appellant Tracii Show Hutsona (hereinafter, "Ms. Hutsona").

3.    Ms. Hutsona pled guilty, pursuant to a plea agreement, to one count of wire fraud in violation of 18 U.S.C. § 1343. The Honorable Jesse M. Furman, United States District Judge for the Southern District of New York, sentenced Ms. Hutsona to an above-Guidelines sentence of 51 months' imprisonment. Because

Ms. Hutsona's sentence was above her recommended Guidelines range of 33 to 41 months, the appellate waiver contained in her plea agreement does not apply.

4. The undersigned was appointed on April 21, 2023, and Ms. Hutsona's Opening Brief on Appeal is not due for filing until **Monday, July 31, 2023**.

5. On Monday of this week, June 5, 2023, I was appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Jack Teixeria in the District of Massachusetts. See United States v. Teixeira, 23-mj-04296-DHH (D.Mass) (Doc. No. 44, therein). Mr. Teixeira is the Massachusetts Air National Guardsman alleged to have leaked significant volumes of classified information through Discord and other websites. The Federal Public Defender for the District of Massachusetts was initially assigned to represent Mr. Teixeira and I have been appointed as their co-counsel due to my experience representing defendants in cases where classified information was involved. Upon information and belief, the classified information that was leaked is alleged to have possessed the TS/SCI security level, which is a level above TOP SECRET.

6. Because classified information is expected to be disclosed to the defense as part of the prosecution of Mr. Teixeira's case, that information may only be reviewed in a Sensitive Compartmented Information Facility ("SCIF") located within the District of prosecution. Pursuant to the requirements of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, for me to

access, review, and draft motions related to such discovery, I will only be permitted to do so from the designated SCIF in Massachusetts.

7. While my appointment to Teixeira will not impact my representation of clients in most of my cases, based upon the volume and type of discovery that I can reasonably anticipate will be disclosed as soon as Mr. Teixeira is formally indicted, coupled with the need to meet with Mr. Teixeira and my co-counsel in-person in Massachusetts often over at least these next two months, I anticipate the need to travel to Massachusetts so regularly over the next two months (or more) that it will likely impact my ability to meet the Opening Brief filing deadline in Ms. Hutsona's appeal as well as in one other appeal, United States v. Ramion Burt, 23-6020 (2d Cir.), for which a similar motion is being filed.

8. I do not anticipate my representation of Mr. Teixeira to impact my representation of clients in any other appeals.

9. Because my representation of Ms. Hutsona (and Mr. Burt) is still in such an early stage, no prejudice would be created by my withdrawal as counsel in those two cases and the appointment of new counsel. Indeed, both clients will benefit as they will receive representation of a new attorney who will not be

spending significant portions of time in a SCIF over the next two (or more) months and therefore will be able to devote more time and attention to their appeals.[1]

10. I have spoken with Assistant United States Attorney Timothy Capozzi who has informed me that the Government has no objection to the instant application.

11. Should the instant application be granted, I will promptly provide new counsel with all transcripts and files collected by me related to Ms. Hutsona's appeal.

WHEREFORE, the undersigned respectfully requests permission to withdraw as counsel for Defendant-Appellant Tracii Show Hutsona and for new counsel to be appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.

Dated: New York, New York
June 7, 2023

Respectfully submitted,

*/S/ Michael K. Bachrach*

MICHAEL K. BACHRACH, ESQ.
224 West 30th Street, Suite 302
New York, NY 10001
(212) 929-0592
*Attorney for Defendant-Appellant*
*Tracii Show Hutsona*

---

[1] Work in a SCIF is particularly time consuming. For example, the SCIF's that are created for defense counsel to utilize do not include internet access so no online legal research or work on other cases may be done when working in these facilities.